UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHON CRUZ, et al.,            ) | |
|            ) | |
| **Plaintiffs,**            ) | |
|            ) | |
| v.            ) | Case No. 17-CV-0268-CVE-mjx |
|            ) | |
| JOHNSON MATTHEY INC.,            ) | |
| d/b/a Tracerco, et al.,            ) | |
|            ) | |
| **Defendants.**            ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiffs' Motion to Remand and Brief in Support (Dkt. # 35). Plaintiffs allege that defendant Johnson Matthey Inc., doing business as Tracerco (Tracerco), conducted tests involving Cesium 137, a radioactive substance, at the north campus of defendant University of Tulsa in October 2014. Dkt. # 34, at 4. Plaintiffs assert that Cesium 137 was spilled during the testing and contaminated the area around the north campus. Id. Plaintiffs allege that the tests were conducted at the request of defendant Chevron USA, Inc. (Chevron) and that defendant China Institute of Atomic Energy designed and manufactured the container that Tracerco used to hold the Cesium 137 during testing. Id. Defendant Chase Environmental Group, Inc. was contracted to ameliorate the contamination in and around the north campus after the spill. Id.

Plaintiffs filed this suit in the District Court for Tulsa County, State of Oklahoma, alleging that they had "suffered injuries as a result of the negligent, reckless and wanton actions" of defendants. Dkt. # 2-1, at 8. Plaintiffs asserted that their injuries included "thyroid damage, emotional distress including accompanying physical injuries such as nausea, vomiting, loss of sleep, etc., pain and suffering and for some, property damages." Id. Chevron removed the case to this Court

pursuant to the Price-Anderson Act, 42 U.S.C. § 2011 et seq., which provides for the removal of any "public liability action arising out of or resulting from a nuclear incident." Id. § 2210(n)(2). After removal, plaintiffs filed an amended complaint altering their damages allegations. Plaintiffs no longer allege physical injuries or property damage, and instead allege the following:

> Plaintiffs suffered subcellular damage as a result of exposure to radiation and will require medical monitoring for the rest of their lives. They are at risk of contracting cancer and experience emotional distress accompanied by physical symptoms as a result. Some of the Plaintiffs have experienced radiation contamination of their property.

Dkt. # 34, at 8. Plaintiffs then moved to remand, arguing that the allegations in their amended complaint no longer constitute a public liability action under the Price-Anderson Act. Dkt. # 35, at 3. Defendants respond that the removal was proper and ask the Court to retain supplemental jurisdiction over plaintiffs' state law claims. Dkt. # 50, at 4-5.

The parties agree that plaintiffs' original petition alleged a public liability action under the Price-Anderson Act and that removal was therefore proper. Dkt. # 35, at 2-3; Dkt. # 50, at 3-4. The parties also agree that the amended complaint does not state a claim under the Price-Anderson Act because plaintiffs have not alleged "bodily injury" or "damage to property." Dkt. # 35, at 3-6; Dkt. # 50, at 6-7. The question now before the Court is whether to remand this case where removal was properly based on federal question jurisdiction, but no federal claims remain.[1]

A federal court may "remand a properly removed case to state court whenever all federal claims have been deleted." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 359 (1988). In determining whether to remand when only state law claims remain, courts should consider "judicial

---

[1] There is no diversity jurisdiction in this case because plaintiffs and defendant University of Tulsa are residents of Oklahoma. See Dkt. # 34, at 2-3.

economy, convenience, fairness, and comity." Id. at 350 (quoting Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n.7.

Here, the factors weigh in favor of remand. Judicial economy weighs in favor of remand because this case is in the earliest stages of litigation. Comity also strongly weighs in favor of remand because plaintiffs present state law claims that would be best decided by a state court. Defendants assert that plaintiffs' state law claims fail because subcellular damage has not been recognized as a viable injury under Oklahoma tort law. Dkt. # 50, at 7-8. However, subcellular damage has not been rejected by Oklahoma courts either. Thus, plaintiffs appear to present a novel issue of Oklahoma law that should be decided by an Oklahoma court. Finally, there is no reason to believe that the District Court of Tulsa County would be a less convenient or fair forum for this litigation. Therefore, the Court finds that judicial economy, convenience, fairness, and comity weigh in favor of remand.

Defendants argue that the Court should exercise supplemental jurisdiction over plaintiffs' remaining state law claims because plaintiffs' amended their complaint for the purpose of "forum manipulation." Dkt. # 50, at 4. Plaintiffs assert that they "expansively stated" their damages in their original petition "in accordance with state pleading practice" and that they filed their amended complaint to "more precisely state[] the nature of their damages." Dkt. # 35, at 3. "[T]he Court is permitted to consider obvious efforts to forum shop when ruling on a motion to remand." Millar v. Bay Area Rapid Transit Dist., 236 F. Supp. 2d 1110, 1120 (N.D. Cal. 2002) (citing Carnegie-Mellon, 484 U.S. at 357). The Court agrees with defendants that at least some of the motivation for

plaintiffs' filing of their amended complaint is likely forum manipulation. However, it is legitimate to want state judges to address claims based on state law, and it is unclear what truly is the driving force behind plaintiffs' amended complaint and desire to litigate in state court. Given that the interest of comity so strongly weighs in favor of remand due to the novel issue of state law presented, that part of plaintiffs' motivation is probably forum manipulation does not do enough to tip the scales against remand. See id. at 1121 (remanding case despite "concern[s] that there may have been an element of forum manipulation in plaintiff's remand motion").

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand and Brief in Support (Dkt. # 35) is **granted**. The Court Clerk is directed to remand this case to the District Court of Tulsa County.

**DATED** this 21st day of July, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE